```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                           LAREDO DIVISION


Merced Javier Pena,              §
                                 §
         Plaintiff,              §
v.                               §
                                 §   Civil Action No. L-13-29
JPMorgan Chase & Co.             §
                                 §
         Defendant.              §
                                 §
```

MEMORANDUM OPINION

Pending before the Court is a Motion to Dismiss for Failure to State a Claim filed by Defendant JPMorgan Chase & Co. ("the Bank") on February 22, 2013. (Dkt. 3.) For the reasons below, the Motion to Dismiss will be granted.

Factual Background

Pena filed his Original Petition and Application for Injunctive Relief ("Original Petition") in the 49th District Court of Webb County on February 5, 2013. (Dkt. 1-1 at 9.) On February 15, 2013, the Bank removed the case to federal district court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. 1 at 2.)

Pena's Original Petition contains very few factual allegations. The Original Petition first asserts that Pena owns a residence at 3009 John Steinbeck Dr., Laredo, Texas 78041. (Dkt. 1-1 at 10.) Then it provides the legal description for

1

o

this property ("the Property").  (Id.)  The only other facts alleged in the Original Petition are:

> The Property is set for foreclosure on February 5, 2013.  Plaintiff was assured numerous times that, as long as he submitted loan modification [sic], the modification would be considered and foreclosure not set.  Plaintiff timely submitted medication [sic] documents.  Yet, the Property is set for foreclosure on February 5, 2013.  At the same time, Plaintiff is still receiving correspondence relating to the modification from Plaintiff.  Plaintiff cannot get straight answers to some simple questions and his home is about to be foreclosed.

(Id.)  The Original Petition does not indicate the amount of indebtedness, the value of the property, or the amount of equity Pena holds over the property.

The Original Petition then requests monetary relief for "Debt Collection Practices/ Wrongful Foreclosure" and "Breach of Contract."  (Id. at 11.)  It requests emergency relief or a temporary restraining order.  (Id. at 11-12.)  Finally, it requests a temporary injunction.  (Id. at 12-13.)  On February 5, 2013, the state trial court granted a temporary restraining order to Pena that, among other things, prevents the Bank from foreclosing on the Property.  (Id. at 19-21.)

## Jurisdiction

Again, the Bank's removal of this case was based on diversity jurisdiction.  (Dkt. 1 at 2.)  Pena did not object to the removal.  The Original Petition did not contain the amount in controversy or the citizenship of the parties.  The Bank's

2

Notice of Removal asserted both diversity of the parties and an amount in controversy in excess of $75,000, given that the Property's fair market value was $298,280 according to the Webb Central Appraisal District. (Id. at 3.) From the uncontested allegations of jurisdictional facts in the Notice of Removal, the Court concludes that it has subject-matter jurisdiction over this case.[1]

## Procedural History

The Bank filed the present Motion to Dismiss on February 22, 2013. (Dkt. 3.) The Magistrate Judge gave Plaintiff Merced Javier Pena until May 24, 2013 to respond to this motion to dismiss. (Minute Entry of May 10, 2013.) Pena has not responded. The Magistrate Judge also set a deadline for amending pleadings of July 3, 2013. (Dkt. 12 at 1.) Pena did

---

[1] The majority of district courts in the Fifth Circuit have found that, in cases seeking to prevent foreclosures, the amount in controversy is the value of the property that is subject to foreclosure. See Valadez v. Bank of Am., SA-13-CA-271-XR, 2013 WL 3559145, at *2-3 (W.D. Tex. July 11, 2013) (collecting cases). In contrast, several cases from the Northern District of Texas have found that the amount in controversy is the plaintiff's equity in the property rather than the full value of the property. See, e.g., Lutze v. U.S. Bank, N.A., 4:12-CV-332-A, 2012 WL 2899042, at *2-3 (N.D. Tex. July 13, 2012). Lutze and similar cases conclude that, from the plaintiff's perspective, the property is only worth the equity in the home that the plaintiff owns. The Court is doubtful that the plaintiff's right to indefinitely live rent-free without the risk of foreclosure is significantly different from the property's full market value. Further, a plaintiff receives value out of even the non-equity portion of a property's value because this value secures (and therefore, on a balance sheet, cancels out) some of the debt that the plaintiff would otherwise owe the mortgagor. Thus, the Court will follow the majority Fifth Circuit approach in this case. Accordingly, the Bank's uncontested allegation that the Property was worth well over $75,000 is enough to find subject matter jurisdiction.

not amend his pleadings. The Bank filed a Motion to Re-Urge its Rule 12(b)(6) Motion to Dismiss on August 14, 2013.

## Discussion

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts as true all well-pleaded factual allegations in the complaint and determines whether that complaint states, plausibly on its face, a claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Plausibility requires "more than a sheer possibility," but less than a probability, "that a defendant has acted unlawfully." Id. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (alterations and quotations in original; internal citations omitted).

o

**A. "Debt Collection Practices/Wrongful Foreclosure" Claim**

The Original Petition claims that the Bank's conduct "constitutes violation of Debt Collection Practices under statute and common law, as well as wrongful foreclosure." (Dkt. 1-1 at 11.) From this description of the claim, it seems clear that one basis for Pena's claim is the Texas common law tort of wrongful foreclosure. However, the wrongful foreclosure tort involves irregularities in the foreclosure sale. <u>Sauceda v. GMAC Mortgage Corp.</u>, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Here, there has been no foreclosure sale, so there have necessarily been no irregularities in the sale. Therefore, Pena's wrongful foreclosure claim fails.

Pena also makes a general claim of "violation of Debt Collection Practices." The Bank's Motion to Dismiss discusses in some detail why Pena's claim fails under the Texas Debt Collection Practices Act ("TDCA"), <u>Tex. Fin. Code</u> § 392.001-.404. The Court agrees. The alleged facts are clearly not covered by the TDCA's prohibitions of threats or coercion, <u>id.</u> § 392.301, harassment or abuse, <u>id.</u> § 392.302, unfair or unconscionable means, <u>id.</u> § 392.303, deceptive use of a credit bureau name, <u>id.</u> § 392.305, or wrongful use of a debt collector, <u>id.</u> § 392.306. The TDCA's only other prohibition forbids "fraudulent, deceptive, or misleading representation that employs [certain enumerated] practices . . . ." <u>Id.</u> § 392.304.

5

A debt collector's misrepresentation about willingness to modify a debt is not one of the enumerated prohibited practices. In certain circumstances, such a misrepresentation might constitute a statutory violation under the catch-all provision that a debt collector cannot "us[e] any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Id. § 392.304(a)(19). However, Pena makes no allegation that the Bank misrepresented its willingness to modify the debt as a way to "collect a debt or obtain information concerning a consumer."

Pena's Original Petition offers very little guidance on the legal theory for his "Debt Collection Practices" claim. Accordingly, the Court shall dismiss this claim.

B. Breach of Contract

Pena next claims that "[a] valid and enforceable modification contract existed" between him and the Bank and that the Bank breached the contract. (Dkt. 1-1 at 11.) However, nothing in the alleged facts indicates that the Bank and Pena formed a valid modification contract. Instead, Pena merely alleges that the Bank invited Pena to submit a modification document and indicated it would consider the modification. However, there is no allegation that the Bank ever obligated itself to accept the modification. Instead, the allegation is that Pena "submitted medication [sic] documents" and that he is

6

"still receiving correspondence relating to the modification" (Dkt. 1-1 at 10.), which would clearly indicate that no agreement was ever reached. Accordingly, the Court shall dismiss this claim.

C. Temporary Injunction

Finally, Pena has requested a temporary injunction to prevent the foreclosure. (Id. at 12-13). However, in Texas, a temporary injunction can only issue if the applicant asserts some valid cause of action. Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993). Here, as explained above, Pena does not allege any valid cause of action. Accordingly, the Court shall dismiss Pena's request for a temporary injunction.

## Conclusion

For the reasons given above, the Court GRANTS the Bank's Motion to Dismiss for Failure to State a Claim. Accordingly, the case shall be dismissed.

DONE at Laredo, Texas, this 30th day of August, 2013.

_____
George P. Kazen
Senior United States District Judge